UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-129-TAV-DCP |
| | ) | |
| DEONTE A. RILEY, and | ) | |
| KENTRALE L. MCCLURE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on the Defendant Deonte A. Riley's Motion to Continue Trial and All Related Deadlines [Doc. 39], filed on September 15, 2025.

Defendant requests the Court to continue the trial date, set for October 14, 2025, and the plea deadline, set for September 15, 2025 [*Id.*]. In support of the motion, defense counsel states that he has been in good contact with the government and negotiations have been fruitful [*Id.* ¶ 1]. Defense counsel states that if a plea agreement is reached, it will allow the government to avoid preparing for trial and allow the government and the court to allocate their resources efficiently [*Id.* ¶ 2]. Defendant's motion reflects that counsel for the Government and Codefendant Kentrale L. McClure do not oppose the requested continuance [*Id.* ¶ 5]. Counsel for Defendant Riley and Codefendant McClure confirmed to the Court via email that their clients understood their speedy trial rights.

Based upon the information in Defendant's motion and because the Government and Codefendant Mclure do not oppose the continuance, the Court finds the ends of justice served by

granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defense counsel needs more time to discuss and consider a plea agreement, and if those discussions are not fruitful, defense counsel will need the additional time to prepare for trial. The Court finds that all of this cannot occur before the October 14, 2025 trial date.

The Court therefore **GRANTS** Defendant Deonte A. Riley's Motion to Continue Trial and All Related Deadlines [**Doc. 39**]. The trial of this case is reset to **February 24, 2026.** A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all of the time between the filing of the motion on September 15, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), & (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Deonte A Riley's Motion to Continue Trial and All Related Deadlines [**Doc. 39**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **February 24, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **September 15, 2025**, and the new trial date of **February 24, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **January 23, 2026**;

2

(5) the deadline for filing motions *in limine* is **February 9, 2026**, and responses to motions *in limine* are due on or before **February 17, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **February 10, 2026, at 10:30 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **February 13, 2026.**

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge