UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-129-TAV-DCP |
| | ) | |
| DEONTE A. RILEY and | ) | |
| KENTRALE MCCLURE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Deonte A. Riley's Motion to Continue Trial and All Related Deadlines [Doc. 45], filed on January 23, 2026.

Defendant Riley asks the Court to continue the current trial date, which is set for February 24, 2026, and all related deadlines [*Id*.]. In support of his motion, Defendant states that his counsel has been in good contact with the Government [*Id*. ¶ 1]. Defendant represents that negotiations have been productive, and if a plea agreement is reached, it will allow the Government to avoid preparing for trial and allow the Government and the Court to allocate their resources efficiently [*Id*. ¶ 2]. Defendant's counsel submits that the requested continuance best serves the ends of justice [*Id*. ¶ 3]. The motion reflects that the Government is aware of this motion and does not oppose the need for the requested continuance [*Id*. ¶ 4]. Defendant's counsel confirmed to the Court via email that Defendant understands his speedy trial rights and waives those rights for the purposes of continuing trial.

Codefendant Kentrale McClure filed a Response to Defendant Riley's Motion to Continue and stated he was not opposed to the motion, and is aware of his speedy trial rights [Doc. 48 p. 1].

Based upon the information contained in the motion and because the Government and Codefendant McClure do not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Counsel for Defendant needs time to work towards a resolution of the case, and if that is not successful, otherwise prepare for trial. The Court finds that all of this cannot occur before the February 24, 2026 trial date.

The Court therefore **GRANTS** Defendant Deonte A. Riley's Motion to Continue Trial and All Related Deadlines [**Doc. 45**]. The trial of this case is reset to **May 19, 2026**. A new schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the initial motion on January 23, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Deonte A. Riley's Motion to Continue Trial and All Related Deadlines [**Doc. 45**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **May 19, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **January 23, 2026**, and the new trial date of **May 19, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **April 17, 2026**;

(5) the deadline for filing motions *in limine* is **May 4, 2026**, and responses to motions *in limine* or due on or before **May 12, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **May 5, 2026, at 1:00 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **May 8, 2026**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge