UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,                )
                                          )
                    Plaintiff,            )
v.                                        )            No. 3:24-CR-129-TAV-DCP
                                          )
KENTRALE L. MCCLURE, and                 )
DEONE A. RILEY,                           )
                                          )
                    Defendants.           )

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Deonte A. Riley's Motion to Continue Trial and Enlarge Relevant Deadlines [Doc. 54], filed on April 20, 2026.

Defendant asks the Court to continue the current trial date, which is set for May 19, 2026, and enlarge all relevant deadlines [*Id.*]. In support of his motion, Defendant states that his counsel was appointed on March 23, 2026, and has not yet received all of the discovery in this matter [*Id.* ¶ 1]. Once Defendant's counsel receives discovery, he will need time to review it but will be unable to do so before the current trial date in this case [*Id.*]. Defendant's counsel represents that he spoke with Defendant for a brief period on the date he was appointed, but that there are further discussions with Defendant that are needed regarding review of discovery materials, defense theory, and trial preparation [*Id.* ¶ 3]. Defendant's counsel confirmed via email to the Court that Defendant understands his rights to a speedy trial and that he waives those rights for the purposes of this continuance. The motion reflects that the Government does not object [*Id.* ¶ 4].

Counsel for Codefendant Kentrale L. McClure represented to the Court via email that Codefendant McClure takes no position on the matter of continuance, and that he understands his

speedy trial rights and, thus the Court infers that defense counsel has explained how Defendant's speedy trial rights are affected by the continuance.

Based upon the information contained in the motion and because the Government does not oppose the continuance and Codefendant McClure takes no position, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Counsel for Defendant needs time to receive and review discovery, consult with Defendant, and otherwise prepare for trial. The Court finds that all of this cannot occur before the May 19, 2026 trial date.

The Court therefore **GRANTS** Defendant Deonte A. Riley's Motion to Continue Trial and Enlarge Relevant Deadlines [**Doc. 54**]. The trial of this case is reset to **September 15, 2026**. A new schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the initial motion on April 20, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Deonte A. Riley's Motion to Continue Trial and Enlarge Relevant Deadlines [**Doc. 54**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **September 15, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

2

(3)  all time between the filing of the motion on **April 20, 2026**, and the new trial date of **September 15, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4)  the deadline for filing a plea agreement in the record and providing reciprocal discovery is **August 14, 2026**;

(5)  the deadline for filing motions *in limine* is **August 31, 2026**, and responses to motions *in limine* are due on or before **September 8, 2026**;

(6)  the parties are to appear before the undersigned for a final pretrial conference on **August 27, 2026, at 11:00 a.m.**; and

(7)  requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **September 4, 2026**.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge