UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>KENTRALE L. MCCLURE and<br>DEONTE A. RILEY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:24-CR-129-TAV-DCP |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Deonte A. Riley's Motion to Continue Trial and Enlarge Relevant Deadlines [Doc. 58], filed on August 14, 2026.

Defendant asks the Court to continue the September 15, 2026, trial date and enlarge all relevant deadlines in this case [*Id.* at 1]. In support of his motion, Defendant states that his counsel, who was appointed on March 23, 2026, needs additional time to continue reviewing the discovery materials with him, discuss the defense theory, and engage in trial preparation [*Id.* ¶¶ 1, 3]. Defendant does not oppose a continuance of the trial date [*Id.* ¶ 2]. The motion reflects that the Government does not oppose a continuance [*Id.* ¶ 5].

Codefendant Kentrale McClure filed his Response to Motion to Continue [Doc. 60]. Codefendant McClure represents that he does not take a position and that he is aware of his speedy trial rights [*Id.* at 1].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance and Codefendant McClure takes no position, the Court finds the ends of

justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, even accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant needs more time to review discovery and have discussions with counsel concerning defense theory and trial preparation. The Court finds that all of this cannot occur before the September 15, 2026 trial date.

The Court therefore **GRANTS** Defendant Deonte A. Riley's Motion to Continue Trial and Enlarge Relevant Deadlines [**Doc. 58**]. The trial of this case is reset to **January 12, 2027.** A new schedule is included below. Because the Court finds that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motions on August 14, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Deonte A. Riley's Motion to Continue Trial and Enlarge Relevant Deadlines [**Doc. 58**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **January 12, 2027, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motions on **August 14, 2026**, and the new trial date of **January 12, 2027**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 11, 2026**;

(5) the deadline for filing motions *in limine* is **December 28, 2026**, and responses to motions *in limine* are due on or before **January 5, 2027**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **December 29, 2026, at 11:00 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 4, 2027.**

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
Debra C. Poplin
United States Magistrate Judge